

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00284-CV

IN RE JAMES FISHER, RELATOR

ORIGINAL PROCEEDING

August 29, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Relator James Fisher, a Texas inmate proceeding pro se, filed a petition for writ of mandamus with the clerk of this Court but did not accompany his petition with the required filing fee. By letter dated August 9, 2019, we directed Fisher to pay the filing fee of $155 or, in lieu thereof, to comply with chapter 14 of the Civil Practice and Remedies Code by filing an affidavit of indigence, an affidavit relating to previous filings, and a certified copy of his inmate trust account statement. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We advised Fisher that if he did not comply by August 19, this proceeding was subject to dismissal without further notice. To date, Fisher has neither paid the filing fee nor submitted the materials necessary to proceed under chapter 14.

Unless a party is excused from paying a filing fee, the clerk of this Court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or a declaration of inability to pay costs in an appeal or original proceeding must also comply with chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). An inmate's failure to comply with chapter 14 is grounds for dismissal of the appeal or original proceeding. *In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (per curiam) (mem. op.) (dismissing inmate's petition for writ of mandamus for failure to pay the filing fee or submit the materials required to proceed under chapter 14).

Because Fisher has failed to pay the filing fee or comply with chapter 14 of the Civil Practice and Remedies Code within the time provided by this Court for compliance, his original proceeding is dismissed. TEX. R. APP. P. 42.3(c).

Per Curiam